# Exhibit B



General Assembly

*Amendment*

*January Session, 2021*

LCO No. 7076



Offered by:

| | |
|---|---|
| REP. COOK, 65th Dist. | REP. CARPINO, 32nd Dist. |
| REP. SCANLON, 98th Dist. | REP. MCCARTY, 38th Dist. |
| REP. LINEHAN, 103rd Dist. | REP. WOOD, 29th Dist. |
| REP. RYAN, 139th Dist. | REP. COMEY, 102nd Dist. |
| REP. DEMICCO, 21st Dist. | REP. LEEPER, 132nd Dist. |
| REP. BORER, 115th Dist. | REP. PARKER, 101st Dist. |
| REP. HORN, 64th Dist. | REP. BERGER-GIRVALO, 111th |
| REP. SANCHEZ, 25th Dist. | Dist. |
| REP. ARCONTI, 109th Dist. | REP. JOHNSON, 49th Dist. |
| REP. DATHAN, 142nd Dist. | REP. DOUCETTE, 13th Dist. |
| REP. NOLAN, 39th Dist. | REP. REYES, 75th Dist. |
| REP. KAVROS DEGRAW, 17th | REP. PALM, 36th Dist. |
| Dist. | REP. LUXENBERG, 12th Dist. |
| REP. GOUPIL, 35th Dist. | REP. CONCEPCION, 4th Dist. |
| REP. DIGIOVANCARLO, 74th Dist. | REP. ALLIE-BRENNAN, 2nd Dist. |
| REP. NAPOLI, 73rd Dist. | |

To: Subst. House Bill No. **6423**     File No. 431     Cal. No. 323

**"AN ACT CONCERNING IMMUNIZATIONS."**

1    Strike everything after the enacting clause and substitute the
2    following in lieu thereof:

3    "Section 1. Section 10-204a of the general statutes are repealed and the
4    following is substituted in lieu thereof (*Effective from passage*):

5      (a) Each local or regional board of education, or similar body
6   governing a nonpublic school or schools, shall require each child to be
7   protected by adequate immunization against diphtheria, pertussis,
8   tetanus, poliomyelitis, measles, mumps, rubella, [hemophilus]
9   haemophilus influenzae type B and any other vaccine required by the
10   schedule for active immunization adopted pursuant to section 19a-7f
11   before being permitted to enroll in any program operated by a public or
12   nonpublic school under its jurisdiction. Before being permitted to enter
13   seventh grade, a child shall receive a second immunization against
14   measles. Any such child who (1) presents a certificate from a physician,
15   physician assistant, advanced practice registered nurse or local health
16   agency stating that initial immunizations have been given to such child
17   and additional immunizations are in process (A) under guidelines and
18   schedules specified by the Commissioner of Public Health, or (B) in the
19   case of a child enrolled in a preschool program or other prekindergarten
20   program who, prior to the effective date of this section, was exempt
21   from the appropriate provisions of this section upon presentation of a
22   statement that such immunizations would be contrary to the religious
23   beliefs of such child or the parents or guardian of such child, as such
24   additional immunizations are recommended, in a written declaration,
25   in a form prescribed by the Commissioner of Public Health, for such
26   child by a physician, a physician assistant or an advanced practice
27   registered nurse; or (2) presents a certificate, in a form prescribed by the
28   commissioner pursuant to section 7 of this act, from a physician,
29   physician assistant or advanced practice registered nurse stating that in
30   the opinion of such physician, physician assistant or advanced practice
31   registered nurse such immunization is medically contraindicated
32   because of the physical condition of such child; [or (3) presents a
33   statement from the parents or guardian of such child that such
34   immunization would be contrary to the religious beliefs of such child or
35   the parents or guardian of such child, which statement shall be
36   acknowledged, in accordance with the provisions of sections 1-32, 1-34
37   and 1-35, by (A) a judge of a court of record or a family support
38   magistrate, (B) a clerk or deputy clerk of a court having a seal, (C) a town
39   clerk, (D) a notary public, (E) a justice of the peace, (F) an attorney

40  admitted to the bar of this state, or (G) notwithstanding any provision
41  of chapter 6, a school nurse;**]** or **[**(4)**]** (3) in the case of measles, mumps
42  or rubella, presents a certificate from a physician, physician assistant or
43  advanced practice registered nurse or from the director of health in such
44  child's present or previous town of residence, stating that the child has
45  had a confirmed case of such disease; or **[**(5)**]** (4) in the case of
46  **[**hemophilus**]** haemophilus influenzae type B has passed **[**his**]** such
47  child's fifth birthday; or **[**(6)**]** (5) in the case of pertussis, has passed **[**his**]**
48  such child's sixth birthday, shall be exempt from the appropriate
49  provisions of this section. **[**If the parents or guardians of any child are
50  unable to pay for such immunizations, the expense of such
51  immunizations shall, on the recommendations of such board of
52  education, be paid by the town. Before being permitted to enter seventh
53  grade, the parents or guardian of any child who is exempt on religious
54  grounds from the immunization requirements of this section, pursuant
55  to subdivision (3) of this subsection, shall present to such school a
56  statement that such immunization requirements are contrary to the
57  religious beliefs of such child or the parents or guardian of such child,
58  which statement shall be acknowledged, in accordance with the
59  provisions of sections 1-32, 1-34 and 1-35, by (A) a judge of a court of
60  record or a family support magistrate, (B) a clerk or deputy clerk of a
61  court having a seal, (C) a town clerk, (D) a notary public, (E) a justice of
62  the peace, (F) an attorney admitted to the bar of this state, or (G)
63  notwithstanding any provision of chapter 6, a school nurse.**]** The
64  statement described in subparagraph (B) of subdivision (1) of this
65  subsection shall be acknowledged, in accordance with the provisions of
66  sections 1-32, 1-34 and 1-35, by a judge of a court of record or a family
67  support magistrate, a clerk or deputy clerk of a court having a seal, a
68  town clerk, a notary public, a justice of the peace, an attorney admitted
69  to the bar of this state, or notwithstanding any provision of chapter 6, a
70  school nurse.

71      (b) The immunization requirements provided for in subsection (a) of
72  this section shall not apply to any child who is enrolled in kindergarten
73  through twelfth grade on or before the effective date of this section if

74  such child presented a statement, prior to the effective date of this
75  section, from the parents or guardian of such child that such
76  immunization is contrary to the religious beliefs of such child or the
77  parents or guardian of such child, and such statement was
78  acknowledged, in accordance with the provisions of sections 1-32, 1-34
79  and 1-35, by (1) a judge of a court of record or a family support
80  magistrate, (2) a clerk or deputy clerk of a court having a seal, (3) a town
81  clerk, (4) a notary public, (5) a justice of the peace, (6) an attorney
82  admitted to the bar of this state, or (7) notwithstanding any provision of
83  chapter 6, a school nurse.

84      (c) Any child who is enrolled in a preschool program or other
85  prekindergarten program prior to the effective date of this section who
86  presented a statement, prior to the effective date of this section, from the
87  parents or guardian of such child that the immunization is contrary to
88  the religious beliefs of such child or the parents or guardian of such
89  child, which statement was acknowledged, in accordance with the
90  provisions of sections 1-32, 1-34 and 1-35, by (1) a judge of a court of
91  record or a family support magistrate, (2) a clerk or deputy clerk of a
92  court having a seal, (3) a town clerk, (4) a notary public, (5) a justice of
93  the peace, (6) an attorney admitted to the bar of this state, or (7)
94  notwithstanding any provision of chapter 6, a school nurse, but did not
95  present a written declaration from a physician, a physician assistant or
96  an advanced practice registered nurse stating that additional
97  immunizations are in process as recommended by such physician,
98  physician assistant or advanced practice registered nurse, rather than as
99  recommended under guidelines and schedules specified by the
100  Commissioner of Public Health, shall comply with the immunization
101  requirements provided for in subparagraph (A) of subdivision (1) of
102  subsection (a) of this section on or before September 1, 2022, or not later
103  than fourteen days after transferring to a program operated by a public
104  or nonpublic school under the jurisdiction of a local or regional board of
105  education or similar body governing a nonpublic school or schools,
106  whichever is later.

107      (d) If the parents or guardian of any child are unable to pay for any

108 immunization required by subsection (a) of this section, the expense of
109 such immunization shall, on the recommendation of such child's local
110 or regional board of education, or similar body governing a nonpublic
111 school or schools, be paid by the town.

112 **[**(b)**]** (e) The definitions of adequate immunization shall reflect the
113 schedule for active immunization adopted pursuant to section 19a-7f
114 and be established by regulation adopted in accordance with the
115 provisions of chapter 54 by the Commissioner of Public Health, who
116 shall also be responsible for providing procedures under which **[**said**]**
117 such boards and **[**said**]** such similar governing bodies shall collect and
118 report immunization data on each child to the Department of Public
119 Health for (1) compilation and analysis by **[**said**]** the department, and
120 (2) release by the department of annual immunization rates for each
121 public and nonpublic school in the state, provided such immunization
122 data may not contain information that identifies a specific individual.

123 **[**(c)**]** (f) The Commissioner of Public Health may issue a temporary
124 waiver to the schedule for active immunization for any vaccine if the
125 National Centers for Disease Control and Prevention recognizes a
126 nation-wide shortage of supply for such vaccine.

127 Sec. 2. Section 19a-25 of the general statutes is repealed and the
128 following is substituted in lieu thereof (*Effective from passage*):

129 (a) All information, records of interviews, written reports, statements,
130 notes, memoranda or other data, including personal data as defined in
131 subdivision (9) of section 4-190, procured by: **[**the**]** (1) The Department
132 of Public Health, by staff committees of facilities accredited by the
133 Department of Public Health or the maternity mortality review
134 committee, established pursuant to section 19a-59i, in connection with
135 studies of morbidity and mortality conducted by the Department of
136 Public Health, such staff committees or the maternal mortality review
137 committee, or carried on by said department, such staff committees or
138 the maternal mortality review committee jointly with other persons,
139 agencies or organizations, **[**or procured by**]** (2) the directors of health of

140 towns, cities or boroughs or the Department of Public Health pursuant
141 to section 19a-215, or [procured by] (3) such other persons, agencies or
142 organizations, for the purpose of reducing the morbidity or mortality
143 from any cause or condition, shall be confidential and shall be used
144 solely for the purposes of medical or scientific research and, for
145 information obtained pursuant to section 19a-215, disease prevention
146 and control by the local director of health and the Department of Public
147 Health. Such information, records, reports, statements, notes,
148 memoranda or other data shall not be admissible as evidence in any
149 action of any kind in any court or before any other tribunal, board,
150 agency or person, nor shall it be exhibited or its contents disclosed in
151 any way, in whole or in part, by any officer or representative of the
152 Department of Public Health or of any such facility, by any person
153 participating in such a research project or by any other person, except
154 as may be necessary for the purpose of furthering the research project to
155 which it relates.

156    (b) Notwithstanding the provisions of chapter 55, the Department of
157 Public Health may exchange personal data for the purpose of medical
158 or scientific research, with any other governmental agency or private
159 research organization; provided such state, governmental agency or
160 private research organization shall not further disclose such personal
161 data. The Commissioner of Public Health shall adopt regulations, in
162 accordance with the provisions of chapter 54, consistent with the
163 purposes of this section to establish the procedures to ensure the
164 confidentiality of such disclosures. The furnishing of such information
165 to the Department of Public Health or its authorized representative, or
166 to any other agency cooperating in such a research project, shall not
167 subject any person, hospital, [sanitarium] behavioral health facility, rest
168 home, nursing home or other person or agency furnishing such
169 information to any action for damages or other relief because of such
170 disclosure. [This section shall not be deemed to affect disclosure]

171    (c) The provisions of this section shall not affect: (1) Disclosure of
172 regular hospital and medical records made in the course of the regular
173 notation of the care and treatment of any patient, but only records or

174  notations by [such] the staff committees described in subsection (a) of
175  this section pursuant to their work, or (2) release by the Department of
176  Public Health of annual immunization rates for each public and
177  nonpublic school in the state pursuant to section 10-204a, as amended
178  by this act.

179  Sec. 3. Section 10a-155 of the general statutes is repealed and the
180  following is substituted in lieu thereof (*Effective from passage*):

181  (a) Each institution of higher education shall require each full-time or
182  matriculating student born after December 31, 1956, to provide proof of
183  adequate immunization against measles, rubella, [and on and after
184  August 1, 2010, to provide proof of adequate immunization against]
185  mumps and varicella as recommended by the national Advisory
186  Committee for Immunization Practices before permitting such student
187  to enroll in such institution. [Any such]

188  (b) Notwithstanding the provisions of subsection (a) of this section,
189  any student who (1) presents a certificate, in a form prescribed by the
190  Commissioner of Public Health pursuant to section 7 of this act, from a
191  physician, a physician assistant or an advanced practice registered nurse
192  stating that in the opinion of such physician, physician assistant or
193  advanced practice registered nurse such immunization is medically
194  contraindicated, (2) [provides] prior to the effective date of this section,
195  provided a statement that such immunization [would be] is contrary to
196  his or her religious beliefs, (3) presents a certificate from a physician, a
197  physician assistant, an advanced practice registered nurse or the
198  director of health in the student's present or previous town of residence,
199  stating that the student has had a confirmed case of such disease, (4) is
200  enrolled exclusively in a program for which students do not congregate
201  on campus for classes or to participate in institutional-sponsored events,
202  such as students enrolled in distance learning programs for
203  individualized home study or programs conducted entirely through
204  electronic media in a setting without other students present, or (5)
205  graduated from a public or nonpublic high school in this state in 1999 or
206  later and was not exempt from the measles, rubella and [on and after

207    August 1, 2010, the**]** mumps vaccination requirement pursuant to
208    subdivision (2) **[**or (3)**]** of subsection (a) of section 10-204a<u>, as amended
209    by this act,</u> shall be exempt from the appropriate provisions of this
210    section.

211    **[**(b)**]** <u>(c)</u> Each institution of higher education shall keep uniform
212    records of the immunizations and immunization status of each student,
213    based on the certificate of immunization or other evidence acceptable
214    pursuant to subsection **[**(a)**]** <u>(b)</u> of this section. The record shall be part
215    of the student's permanent record. By November first of each year, the
216    chief administrative officer of each institution of higher education shall
217    cause to be submitted to the Commissioner of Public Health, on a form
218    provided by the commissioner, a summary report of the immunization
219    status of all students enrolling in such institution.

220    Sec. 4. Subsection (a) of section 10a-155b of the general statutes is
221    repealed and the following is substituted in lieu thereof (*Effective from
222    passage*):

223    (a) For students who first enroll in the 2014-2015 school year, and first
224    enroll in each school year thereafter, each public or private college or
225    university in this state shall require that each student who resides in on-
226    campus housing be vaccinated against meningitis and submit evidence
227    of having received a meningococcal conjugate vaccine not more than
228    five years before enrollment as a condition of such residence. The
229    provisions of this subsection shall not apply to any such student who (1)
230    presents a certificate<u>, in a form prescribed by the Commissioner of
231    Public Health pursuant to section 7 of this act,</u> from a physician, an
232    advanced practice registered nurse or a physician assistant stating that,
233    in the opinion of such physician, advanced practice registered nurse or
234    physician assistant, such vaccination is medically contraindicated
235    because of the physical condition of such student, or (2) **[**presents**]** <u>prior
236    to the effective date of this section, presented</u> a statement that such
237    vaccination **[**would be**]** <u>is</u> contrary to the religious beliefs of such
238    student.

239    Sec. 5. Section 19a-79 of the general statutes is repealed and the
240    following is substituted in lieu thereof (*Effective from passage*):

241    (a) The Commissioner of Early Childhood shall adopt regulations, in
242    accordance with the provisions of chapter 54, to carry out the purposes
243    of sections 19a-77 to 19a-80, inclusive, and 19a-82 to 19a-87, inclusive,
244    and to assure that child care centers and group child care homes meet
245    the health, educational and social needs of children utilizing such child
246    care centers and group child care homes. Such regulations shall (1)
247    specify that before being permitted to attend any child care center or
248    group child care home, each child shall be protected as age-appropriate
249    by adequate immunization against diphtheria, pertussis, tetanus,
250    poliomyelitis, measles, mumps, rubella, [hemophilus] haemophilus
251    influenzae type B and any other vaccine required by the schedule of
252    active immunization adopted pursuant to section 19a-7f, [including
253    appropriate exemptions for children for whom such immunization is
254    medically contraindicated and for children whose parent or guardian
255    objects to such immunization on religious grounds, and that any
256    objection by a parent or a guardian to immunization of a child on
257    religious grounds shall be accompanied by a statement from such parent
258    or guardian that such immunization would be contrary to the religious
259    beliefs of such child or the parent or guardian of such child, which
260    statement shall be acknowledged, in accordance with the provisions of
261    sections 1-32, 1-34 and 1-35, by (A) a judge of a court of record or a family
262    support magistrate, (B) a clerk or deputy clerk of a court having a seal,
263    (C) a town clerk, (D) a notary public, (E) a justice of the peace, or (F) an
264    attorney admitted to the bar of this state,] (2) specify conditions under
265    which child care center directors and teachers and group child care
266    home providers may administer tests to monitor glucose levels in a child
267    with   diagnosed   diabetes   mellitus,   and   administer   medicinal
268    preparations, including controlled drugs specified in the regulations by
269    the commissioner, to a child receiving child care services at such child
270    care center or group child care home pursuant to the written order of a
271    physician licensed to practice medicine or a dentist licensed to practice
272    dental medicine in this or another state, or an advanced practice

273    registered nurse licensed to prescribe in accordance with section 20-94a,
274    or a physician assistant licensed to prescribe in accordance with section
275    20-12d, and the written authorization of a parent or guardian of such
276    child, (3) specify that an operator of a child care center or group child
277    care home, licensed before January 1, 1986, or an operator who receives
278    a license after January 1, 1986, for a facility licensed prior to January 1,
279    1986, shall provide a minimum of thirty square feet per child of total
280    indoor usable space, free of furniture except that needed for the
281    children's purposes, exclusive of toilet rooms, bathrooms, coatrooms,
282    kitchens, halls, isolation room or other rooms used for purposes other
283    than the activities of the children, (4) specify that a child care center or
284    group child care home licensed after January 1, 1986, shall provide
285    thirty-five square feet per child of total indoor usable space, (5) establish
286    appropriate child care center staffing requirements for employees
287    certified in cardiopulmonary resuscitation by the American Red Cross,
288    the American Heart Association, the National Safety Council, American
289    Safety and Health Institute, Medic First Aid International, Inc. or an
290    organization using guidelines for cardiopulmonary resuscitation and
291    emergency cardiovascular care published by the American Heart
292    Association and International Liaison Committee on Resuscitation, (6)
293    specify that [on and after January 1, 2003,] a child care center or group
294    child care home (A) shall not deny services to a child on the basis of a
295    child's known or suspected allergy or because a child has a prescription
296    for an automatic prefilled cartridge injector or similar automatic
297    injectable equipment used to treat an allergic reaction, or for injectable
298    equipment used to administer glucagon, (B) shall, not later than three
299    weeks after such child's enrollment in such a center or home, have staff
300    trained in the use of such equipment on-site during all hours when such
301    a child is on-site, (C) shall require such child's parent or guardian to
302    provide the injector or injectable equipment and a copy of the
303    prescription for such medication and injector or injectable equipment
304    upon enrollment of such child, and (D) shall require a parent or
305    guardian enrolling such a child to replace such medication and
306    equipment prior to its expiration date, (7) specify that [on and after
307    January 1, 2005,] a child care center or group child care home (A) shall

308    not deny services to a child on the basis of a child's diagnosis of asthma
309    or because a child has a prescription for an inhalant medication to treat
310    asthma, and (B) shall, not later than three weeks after such child's
311    enrollment in such a center or home, have staff trained in the
312    administration of such medication on-site during all hours when such a
313    child is on-site, and (8) establish physical plant requirements for
314    licensed child care centers and licensed group child care homes that
315    exclusively serve school-age children. When establishing such
316    requirements, the Office of Early Childhood shall give consideration to
317    child care centers and group child care homes that are located in private
318    or public school buildings. With respect to this subdivision only, the
319    commissioner shall implement policies and procedures necessary to
320    implement the physical plant requirements established pursuant to this
321    subdivision while in the process of adopting such policies and
322    procedures in regulation form. Until replaced by policies and
323    procedures implemented pursuant to this subdivision, any physical
324    plant requirement specified in the office's regulations that is generally
325    applicable to child care centers and group child care homes shall
326    continue to be applicable to such centers and homes that exclusively
327    serve school-age children. The commissioner shall **[**print**]** post notice of
328    the intent to adopt regulations pursuant to this subdivision on the
329    eRegulations System not later than twenty days after the date of
330    implementation of such policies and procedures. Policies and
331    procedures implemented pursuant to this subdivision shall be valid
332    until the time final regulations are adopted.

333    (b) Any child who (1) presents a certificate, in a form prescribed by
334    the Commissioner of Public Health pursuant to section 7 of this act,
335    signed by a physician, a physician assistant or an advanced practice
336    registered nurse stating that, in the opinion of such physician, physician
337    assistant or advanced practice registered nurse, the immunizations
338    required pursuant to regulations adopted pursuant to subdivision (1) of
339    subsection (a) of this section are medically contraindicated, (2) in the
340    case of a child who is enrolled in kindergarten through twelfth grade,
341    presented a statement, prior to the effective date of this section, that such

342    immunizations are contrary to the religious beliefs of such child or the
343    parents or guardian of such child, or (3) in the case of a child who is
344    enrolled in a preschool program or other prekindergarten program or
345    below, (A) presented a statement, prior to the effective date of this
346    section, that such immunizations are contrary to the religious beliefs of
347    such child or the parents or guardian of such child, and (B) presents a
348    written declaration, in a form prescribed by the Commissioner of Public
349    Health, from a physician, a physician assistant or an advanced practice
350    registered nurse stating that an immunization against diphtheria,
351    pertussis, tetanus, poliomyelitis, measles, mumps, rubella, haemophilus
352    influenzae type B and any other vaccine required by the schedule of
353    active immunization adopted pursuant to section 19a-7f has been given
354    to such child and that any additional necessary immunizations of such
355    student against diphtheria, pertussis, tetanus, poliomyelitis, measles,
356    mumps, rubella, haemophilus influenzae type B and any other vaccine
357    required by such schedule of active immunization are in process under
358    guidelines specified by the Commissioner of Public Health or as
359    recommended for the child by the physician, physician assistant or
360    advanced practice registered nurse, shall be exempt from the
361    immunization requirements set forth in such regulations. The statement
362    described in subparagraph (A) of subdivision (3) of this subsection shall
363    be acknowledged, in accordance with the provisions of sections 1-32, 1-
364    34 and 1-35, by a judge of a court of record or a family support
365    magistrate, a clerk or deputy clerk of a court having a seal, a town clerk,
366    a notary public, a justice of the peace, or an attorney admitted to the bar
367    of this state.

368        (c) Any child who is enrolled in a preschool program or other
369    prekindergarten program or below on or before the effective date of this
370    section who presented, prior to the effective date of this section, the
371    statement described in subparagraph (A) of subdivision (3) of
372    subsection (b) of this section, but did not present the written declaration
373    described in subparagraph (B) of subdivision (3) of subsection (b) of this
374    section, shall comply, on or before September 1, 2022, or not later than
375    fourteen days after applying to enroll in the child care center or group

376  child care home, whichever is later, with the immunization
377  requirements set forth in the regulations adopted pursuant to
378  subdivision (1) of subsection (a) of this section.

379      **[**(b)**]** (d) The commissioner may adopt regulations, pursuant to
380  chapter 54, to establish civil penalties of not more than one hundred
381  dollars per day for each day of violation and other disciplinary remedies
382  that may be imposed, following a contested-case hearing, upon the
383  holder of a license issued under section 19a-80 to operate a child care
384  center or group child care home or upon the holder of a license issued
385  under section 19a-87b, as amended by this act, to operate a family child
386  care home.

387      **[**(c)**]** (e) The commissioner shall exempt Montessori schools
388  accredited by the American Montessori Society or the Association
389  Montessori Internationale from any provision in regulations adopted
390  pursuant to subsection (a) of this section which sets requirements on
391  group size or child to staff ratios or the provision of cots.

392      **[**(d)**]** (f) Upon the declaration by the Governor of a civil preparedness
393  emergency pursuant to section 28-9 or a public health emergency
394  pursuant to section 19a-131a, the commissioner may waive the
395  provisions of any regulation adopted pursuant to this section if the
396  commissioner determines that such waiver would not endanger the life,
397  safety or health of any child. The commissioner shall prescribe the
398  duration of such waiver, provided such waiver shall not extend beyond
399  the duration of the declared emergency. The commissioner shall
400  establish the criteria by which a waiver request shall be made and the
401  conditions for which a waiver will be granted or denied. The provisions
402  of section 19a-84 shall not apply to a denial of a waiver request under
403  this subsection.

404      **[**(e)**]** (g) Any child care center or group child care home may provide
405  child care services to homeless children and youths, as defined in 42
406  USC 11434a, as amended from time to time, for a period not to exceed
407  ninety days without complying with any provision in regulations

408    adopted pursuant to this section relating to immunization and physical
409    examination requirements. Any child care center or group child care
410    home that provides child care services to homeless children and youths
411    at such center or home under this subsection shall maintain a record on
412    file of all homeless children and youths who have attended such center
413    or home for a period of two years after such homeless children or youths
414    are no longer receiving child care services at such center or home.

415    **[**(f)**]** __(h)__ Any child care center or group child care home may provide
416    child care services to a foster child for a period not to exceed forty-five
417    days without complying with any provision in regulations adopted
418    pursuant to this section relating to immunization and physical
419    examination requirements. Any child care center or group child care
420    home that provides child care services to a foster child at such center or
421    home under this subsection shall maintain a record on file of such foster
422    child for a period of two years after such foster child is no longer
423    receiving child care services at such center or home. For purposes of this
424    subsection, "foster child" means a child who is in the care and custody
425    of the Commissioner of Children and Families and placed in a foster
426    home licensed pursuant to section 17a-114, foster home approved by a
427    child-placing agency licensed pursuant to section 17a-149, facility
428    licensed pursuant to section 17a-145 or with a relative or fictive kin
429    caregiver pursuant to section 17a-114.

430    Sec. 6. Section 19a-87b of the general statutes is repealed and the
431    following is substituted in lieu thereof (*Effective from passage*):

432    (a) No person, group of persons, association, organization,
433    corporation, institution or agency, public or private, shall maintain a
434    family child care home, as defined in section 19a-77, without a license
435    issued by the Commissioner of Early Childhood. Licensure forms shall
436    be obtained from the Office of Early Childhood. Applications for
437    licensure shall be made to the commissioner on forms provided by the
438    office and shall contain the information required by regulations adopted
439    under this section. The licensure and application forms shall contain a
440    notice that false statements made therein are punishable in accordance

441 with section 53a-157b. Applicants shall state, in writing, that they are in
442 compliance with the regulations adopted by the commissioner pursuant
443 to subsection (f) of this section. Before a family child care home license
444 is granted, the office shall make an inquiry and investigation which shall
445 include a visit and inspection of the premises for which the license is
446 requested. Any inspection conducted by the office shall include an
447 inspection for evident sources of lead poisoning. The office shall provide
448 for a chemical analysis of any paint chips found on such premises.
449 Neither the commissioner nor the commissioner's designee shall require
450 an annual inspection for homes seeking license renewal or for licensed
451 homes, except that the commissioner or the commissioner's designee
452 shall make an unannounced visit, inspection or investigation of each
453 licensed family child care home at least once every year. A licensed
454 family child care home shall not be subject to any conditions on the
455 operation of such home by local officials, other than those imposed by
456 the office pursuant to this subsection, if the home complies with all local
457 codes and ordinances applicable to single and multifamily dwellings.

458 (b) No person shall act as an assistant or substitute staff member to a
459 person or entity maintaining a family child care home, as defined in
460 section 19a-77, without an approval issued by the commissioner. Any
461 person seeking to act as an assistant or substitute staff member in a
462 family child care home shall submit an application for such approval to
463 the office. Applications for approval shall: (1) Be made to the
464 commissioner on forms provided by the office, (2) contain the
465 information required by regulations adopted under this section, and (3)
466 be accompanied by a fee of fifteen dollars. The approval application
467 forms shall contain a notice that false statements made in such form are
468 punishable in accordance with section 53a-157b.

469 (c) The commissioner, within available appropriations, shall require
470 each initial applicant or prospective employee of a family child care
471 home in a position requiring the provision of care to a child, including
472 an assistant or substitute staff member and each household member
473 who is sixteen years of age or older, to submit to comprehensive
474 background checks, including state and national criminal history

475  records checks. The criminal history records checks required pursuant
476  to this subsection shall be conducted in accordance with section 29-17a.
477  The commissioner shall also request a check of the state child abuse
478  registry established pursuant to section 17a-101k. The commissioner
479  shall notify each licensee of the provisions of this subsection. For
480  purposes of this subsection, "household member" means any person,
481  other than the person who is licensed to conduct, operate or maintain a
482  family child care home, who resides in the family child care home, such
483  as the licensee's spouse or children, tenants and any other occupant.

484      (d) An application for initial licensure pursuant to this section shall
485  be accompanied by a fee of forty dollars and such license shall be issued
486  for a term of four years. An application for renewal of a license issued
487  pursuant to this section shall be accompanied by a fee of forty dollars
488  and a certification from the licensee that any child enrolled in the family
489  child care home has received age-appropriate immunizations in
490  accordance with regulations adopted pursuant to subsection (f) of this
491  section. A license issued pursuant to this section shall be renewed for a
492  term of four years. In the case of an applicant submitting an application
493  for renewal of a license that has expired, and who has ceased operations
494  of a family child care home due to such expired license, the
495  commissioner may renew such expired license within thirty days of the
496  date of such expiration upon receipt of an application for renewal that
497  is accompanied by such fee and such certification.

498      (e) An application for initial staff approval or renewal of staff
499  approval shall be accompanied by a fee of fifteen dollars. Such
500  approvals shall be issued or renewed for a term of two years.

501      (f) The commissioner shall adopt regulations, in accordance with the
502  provisions of chapter 54, to assure that family child care homes, as
503  defined in section 19a-77, meet the health, educational and social needs
504  of children utilizing such homes. Such regulations shall ensure that the
505  family child care home is treated as a residence, and not an institutional
506  facility. Such regulations shall specify that each child be protected as
507  age-appropriate by adequate immunization against diphtheria,

508   pertussis,   tetanus,   poliomyelitis,   measles,   mumps,   rubella,
509   [hemophilus] haemophilus influenzae type B and any other vaccine
510   required by the schedule of active immunization adopted pursuant to
511   section 19a-7f. [Such regulations shall provide appropriate exemptions
512   for children for whom such immunization is medically contraindicated
513   and for children whose parents or guardian objects to such
514   immunization on religious grounds and require that any such objection
515   be accompanied by a statement from such parents or guardian that such
516   immunization would be contrary to the religious beliefs of such child or
517   the parents or guardian of such child, which statement shall be
518   acknowledged, in accordance with the provisions of sections 1-32, 1-34
519   and 1-35, by (1) a judge of a court of record or a family support
520   magistrate, (2) a clerk or deputy clerk of a court having a seal, (3) a town
521   clerk, (4) a notary public, (5) a justice of the peace, or (6) an attorney
522   admitted to the bar of this state.] Such regulations shall also specify
523   conditions under which family child care home providers may
524   administer tests to monitor glucose levels in a child with diagnosed
525   diabetes mellitus, and administer medicinal preparations, including
526   controlled drugs specified in the regulations by the commissioner, to a
527   child receiving child care services at a family child care home pursuant
528   to a written order of a physician licensed to practice medicine in this or
529   another state, an advanced practice registered nurse licensed to
530   prescribe in accordance with section 20-94a or a physician assistant
531   licensed to prescribe in accordance with section 20-12d, and the written
532   authorization of a parent or guardian of such child. Such regulations
533   shall specify appropriate standards for extended care and intermittent
534   short-term overnight care. The commissioner shall inform each licensee,
535   by way of a plain language summary provided not later than sixty days
536   after the regulation's effective date, of any new or changed regulations
537   adopted under this subsection with which a licensee must comply.

538      (g) Any child who (1) presents a certificate, in a form prescribed by
539   the Commissioner of Public Health pursuant to section 7 of this act,
540   signed by a physician, a physician assistant or an advanced practice
541   registered nurse stating that, in the opinion of such physician, physician

542 assistant or advanced practice registered nurse, the immunizations
543 required pursuant to regulations adopted pursuant to subsection (f) of
544 this section are medically contraindicated, (2) in the case of a child who
545 is enrolled in kindergarten through twelfth grade, presented a
546 statement, prior to the effective date of this section, that such
547 immunizations are contrary to the religious beliefs of such child or the
548 parents or guardian of such child, or (3) in the case of a child who is
549 enrolled in a preschool program or other prekindergarten program or
550 below, (A) presented a statement, prior to the effective date of this
551 section, that such immunizations are contrary to the religious beliefs of
552 such child or the parents or guardian of such child, and (B) presents a
553 written declaration, in a form prescribed by the Commissioner of Public
554 Health, from a physician, physician assistant or advanced practice
555 registered nurse stating that an immunization against diphtheria,
556 pertussis, tetanus, poliomyelitis, measles, mumps, rubella, haemophilus
557 influenzae type B and any other vaccine required by the schedule of
558 active immunization adopted pursuant to section 19a-7f has been given
559 to such child and that any additional necessary immunizations of such
560 student against diphtheria, pertussis, tetanus, poliomyelitis, measles,
561 mumps, rubella, haemophilus influenzae type B and any other vaccine
562 required by such schedule of active immunization are in process under
563 guidelines specified by the Commissioner of Public Health or as
564 recommended for the child by the physician, physician assistant or
565 advanced practice registered nurse, shall be exempt from the
566 immunization requirements set forth in such regulations. The statement
567 described in subparagraph (A) of subdivision (3) of this subsection shall
568 be acknowledged, in accordance with the provisions of sections 1-32, 1-
569 34 and 1-35, by (i) a judge of a court of record or a family support
570 magistrate, (ii) a clerk or deputy clerk of a court having a seal, (iii) a
571 town clerk, (iv) a notary public, (v) a justice of the peace, or (vi) an
572 attorney admitted to the bar of this state.

573    (h) Any child who is enrolled in a preschool program or other
574 prekindergarten program or below on or before the effective date of this
575 section who presented, prior to the effective date of this section, the

576 statement described in subparagraph (A) of subdivision (3) of
577 subsection (g) of this section, but did not present the written declaration
578 described in subparagraph (B) of subdivision (3) of subsection (g) of this
579 section shall comply, on or before September 1, 2022, or not later than
580 fourteen days after applying to enroll in the family child care home,
581 whichever is later, with the immunization requirements set forth in the
582 regulations adopted pursuant to subsection (f) of this section.

583 **[(g)]** (i) Upon the declaration by the Governor of a civil preparedness
584 emergency pursuant to section 28-9 or a public health emergency
585 pursuant to section 19a-131a, the commissioner may waive the
586 provisions of any regulation adopted pursuant to this section if the
587 commissioner determines that such waiver would not endanger the life,
588 safety or health of any child. The commissioner shall prescribe the
589 duration of such waiver, provided such waiver shall not extend beyond
590 the duration of the declared emergency. The commissioner shall
591 establish the criteria by which a waiver request shall be made and the
592 conditions for which a waiver will be granted or denied. The provisions
593 of section 19a-84 shall not apply to a denial of a waiver request under
594 this subsection.

595 **[(h)]** (j) Any family child care home may provide child care services
596 to homeless children and youths, as defined in 42 USC 11434a, as
597 amended from time to time, for a period not to exceed ninety days
598 without complying with any provision in regulations adopted pursuant
599 to this section relating to immunization and physical examination
600 requirements. Any family child care home that provides child care
601 services to homeless children and youths at such home under this
602 subsection shall maintain a record on file of all homeless children and
603 youths who have attended such home for a period of two years after
604 such homeless children or youths are no longer receiving child care
605 services at such home.

606 **[(i)]** (k) Any family child care home may provide child care services
607 to a foster child for a period not to exceed forty-five days without
608 complying with any provision in regulations adopted pursuant to this

609    section relating to immunization and physical examination
610    requirements. Any family child care home that provides child care
611    services to a foster child at such home under this subsection shall
612    maintain a record on file of such foster child for a period of two years
613    after such foster child is no longer receiving child care services at such
614    home. For purposes of this subsection, "foster child" means a child who
615    is in the care and custody of the Commissioner of Children and Families
616    and placed in a foster home licensed pursuant to section 17a-114, foster
617    home approved by a child-placing agency licensed pursuant to section
618    17a-149, facility licensed pursuant to section 17a-145 or with a relative
619    or fictive kin caregiver pursuant to section 17a-114.

620    Sec. 7. (NEW) (*Effective from passage*) On or before October 1, 2021, the
621    Commissioner of Public Health shall develop and make available on the
622    Internet web site of the Department of Public Health a certificate for use
623    by a physician, physician assistant or advanced practice registered
624    nurse stating that, in the opinion of such physician, physician assistant
625    or advanced practice registered nurse, a vaccination required by the
626    general statutes is medically contraindicated for a person because of the
627    physical condition of such person. The certificate shall include (1)
628    definitions of the terms "contraindication" and "precaution", (2) a list of
629    contraindications and precautions recognized by the National Centers
630    for Disease Control and Prevention for each of the statutorily required
631    vaccinations, from which the physician, physician assistant or advanced
632    practice registered nurse may select the relevant contraindication or
633    precaution on behalf of such person, (3) a section in which the physician,
634    physician assistant or advanced practice registered nurse may record a
635    contraindication or precaution that is not recognized by the National
636    Centers for Disease Control and Prevention, but in his or her discretion,
637    results in the vaccination being medically contraindicated, including,
638    but not limited to, any autoimmune disorder, family history of any
639    autoimmune disorder, family history of any reaction to a vaccination,
640    genetic predisposition to any reaction to a vaccination as determined
641    through genetic testing and a previous documented reaction of a person
642    that is correlated to a vaccination, (4) a section in which the physician,

643    physician assistant or advanced practice registered nurse may include a
644    written explanation for the exemption from any statutorily required
645    vaccinations, (5) a section requiring the signature of the physician,
646    physician assistant or advanced practice registered nurse, (6) a
647    requirement that the physician, physician assistant or advanced practice
648    registered nurse attach such person's most current immunization
649    record, and (7) a synopsis of the grounds for any order of quarantine or
650    isolation pursuant to section 19a-131b of the general statutes.

651    Sec. 8. (NEW) (*Effective from passage*) (a) There is established an
652    Advisory Committee on Medically Contraindicated Vaccinations within
653    the Department of Public Health for the purpose of advising the
654    Commissioner of Public Health on issues concerning exemptions from
655    state or federal requirements for vaccinations that result from a
656    physician, physician assistant or advanced practice registered nurse
657    stating that a vaccination is medically contraindicated for a person due
658    to the medical condition of such person. Said advisory committee shall
659    not be responsible for confirming or denying any determination by a
660    physician, physician assistant or advanced practice registered nurse that
661    a vaccination is medically contraindicated for a specific individual. In
662    order to carry out its duties, the advisory committee shall (1) have access
663    to the childhood immunization registry established by the department
664    pursuant to section 19a-7h of the general statutes, (2) evaluate the
665    process used by the department in collecting data concerning
666    exemptions resulting from a vaccination being medically
667    contraindicated and whether the department should have any oversight
668    over such exemptions, (3) examine whether enrollment of an
669    unvaccinated child into a program operated by a public or nonpublic
670    school, institution of higher education, child care center or group child
671    care home should be conditioned upon the child meeting certain
672    criteria, (4) calculate the ratio of school nurses to students in each public
673    and nonpublic school in the state and the funding issues surrounding
674    such ratio, (5) assess whether immunizations should be required more
675    frequently than prior to enrollment into a program operated by a public
676    or nonpublic school and prior to entering seventh grade, and (6)

677  determine whether (A) there are any discrepancies in the issuance of
678  certificates stating that a vaccine is medically contraindicated, and (B) to
679  recommend continuing education of physicians, physician assistants or
680  advanced practice registered nurses in vaccine contraindications and
681  precautions. All information obtained by the advisory committee from
682  such registry shall be confidential pursuant to section 19a-25 of the
683  general statutes, as amended by this act.

684      (b) The advisory committee shall consist of the following members:

685      (1) Two appointed by the speaker of the House of Representatives,
686  one of whom shall be a physician licensed pursuant to chapter 370 of the
687  general statutes who is a pediatrician, and one of whom shall be a
688  member of the public;

689      (2) Two appointed by the president pro tempore of the Senate, one of
690  whom shall be a physician licensed pursuant to chapter 370 of the
691  general statutes who has expertise in the efficacy of vaccines, and one of
692  whom shall be a member of the public;

693      (3) One appointed by the majority leader of the House of
694  Representatives, who shall be a school nurse;

695      (4) One appointed by the majority leader of the Senate, who shall be
696  a physician assistant licensed pursuant to chapter 370 of the general
697  statutes who has experience in the administration of vaccines;

698      (5) One appointed by the minority leader of the House of
699  Representatives, who shall be an advanced practice registered nurse
700  licensed pursuant to chapter 378 of the general statutes who has
701  experience in the administration of vaccines;

702      (6) One appointed by the minority leader of the Senate, who shall be
703  a representative of the Connecticut Chapter of the American Academy
704  of Pediatrics;

705      (7) The Commissioner of Public Health, or the commissioner's
706  designee;

707     (8) The Commissioner of Education, or the commissioner's designee;
708     and

709     (9) The Commissioner of Early Childhood, or the commissioner's
710     designee.

711     (c) The members of the advisory committee shall elect a chairperson
712     of the advisory committee from among its members. Such chairperson
713     shall schedule the first meeting of the advisory committee, which shall
714     be held not later than October 1, 2021. The advisory committee shall
715     meet not less than biannually. On or before January 1, 2022, and
716     annually thereafter, the committee shall report, in accordance with the
717     provisions of section 11-4a of the general statutes, on its activities and
718     findings to the joint standing committee of the General Assembly
719     having cognizance of matters relating to public health.

720     Sec. 9. (NEW) (*Effective from passage*) The Department of Public
721     Health, in collaboration with the state Department of Education and the
722     Office of Early Childhood, shall evaluate all of the data collected by said
723     departments concerning exemptions from immunization requirements.
724     Not later than January 1, 2022, and annually thereafter, the
725     Commissioners of Public Health, Education and Early Childhood shall
726     jointly report, in accordance with the provisions of section 11-4a of the
727     general statutes, to the joint standing committees of the General
728     Assembly having cognizance of matters relating to public health and
729     education regarding the evaluation of such data.

730     Sec. 10. Subsection (a) of section 38a-492r of the general statutes is
731     repealed and the following is substituted in lieu thereof (*Effective January*
732     *1, 2022*):

733     (a) Each individual health insurance policy providing coverage of the
734     type specified in subdivisions (1), (2), (4), (11) and (12) of section 38a-469
735     delivered, issued for delivery, renewed, amended or continued in this
736     state that provides coverage for prescription drugs shall provide
737     **[**coverage for**]** (1) coverage for immunizations recommended by the
738     American Academy of Pediatrics, American Academy of Family

739 Physicians and the American College of Obstetricians and
740 Gynecologists, and (2) with respect to immunizations that have in effect
741 a recommendation from the Advisory Committee on Immunization
742 Practices of the Centers for Disease Control and Prevention with respect
743 to the individual involved, coverage for such immunizations and at least
744 a twenty-minute consultation between such individual and a health care
745 provider authorized to administer such immunizations to such
746 individual.

747   Sec. 11. Subsection (a) of section 38a-518r of the general statutes is
748 repealed and the following is substituted in lieu thereof (*Effective January*
749 *1, 2022*):

750   (a) Each group health insurance policy providing coverage of the type
751 specified in subdivisions (1), (2), (4), (11) and (12) of section 38a-469
752 delivered, issued for delivery, renewed, amended or continued in this
753 state that provides coverage for prescription drugs shall provide
754 [coverage for] (1) coverage for immunizations recommended by the
755 American Academy of Pediatrics, American Academy of Family
756 Physicians and the American College of Obstetricians and
757 Gynecologists, and (2) with respect to immunizations that have in effect
758 a recommendation from the Advisory Committee on Immunization
759 Practices of the Centers for Disease Control and Prevention with respect
760 to the individual involved, coverage for such immunizations and at least
761 a twenty-minute consultation between such individual and a health care
762 provider authorized to administer such immunizations to such
763 individual."

| This act shall take effect as follows and shall amend the following sections: | | |
|---|---|---|
| Section 1 | *from passage* | 10-204a |
| Sec. 2 | *from passage* | 19a-25 |
| Sec. 3 | *from passage* | 10a-155 |
| Sec. 4 | *from passage* | 10a-155b(a) |
| Sec. 5 | *from passage* | 19a-79 |
| Sec. 6 | *from passage* | 19a-87b |

| Sec. 7 | *from passage* | New section |
| Sec. 8 | *from passage* | New section |
| Sec. 9 | *from passage* | New section |
| Sec. 10 | *January 1, 2022* | 38a-492r(a) |
| Sec. 11 | *January 1, 2022* | 38a-518r(a) |