# EXHIBIT A

# 2021 Ct. HB 6423

Enacted, April 28, 2021

**Reporter**
2021 Ct. ALS 6; 2021 Ct. P.A. 6; 2021 Ct. HB 6423

**CONNECTICUT ADVANCE LEGISLATIVE SERVICE > CONNECTICUT GENERAL ASSEMBLY - JANUARY SESSION, 2021 > PUBLIC ACT NO. 21-6 > HOUSE BILL NO. 6423**

## Notice

**Added:** Text highlighted in green
**Deleted:** Red text with a strikethrough

## Synopsis

AN ACT CONCERNING IMMUNIZATIONS.

## Text

*Be it enacted by the Senate and House of Representatives in General Assembly convened:*

**Section 1.** Section 10-204a of the general statutes are repealed and the following is substituted in lieu thereof (Effective from passage):

(a) Each local or regional board of education, or similar body governing a nonpublic school or schools, shall require each child to be protected by adequate immunization against diphtheria, pertussis, tetanus, poliomyelitis, measles, mumps, rubella, ~~hemophilus~~ haemophilus influenzae type B and any other vaccine required by the schedule for active immunization adopted pursuant to section 19a-7f before being permitted to enroll in any program operated by a public or nonpublic school under its jurisdiction. Before being permitted to enter seventh grade, a child shall receive a second immunization against measles. Any such child who (1) presents a certificate from a physician, physician assistant, advanced practice registered nurse or local health agency stating that initial immunizations have been given to such child and additional immunizations are in process (A) under guidelines and schedules specified by the Commissioner of Public Health, or (B) in the case of a child enrolled in a preschool program or other prekindergarten program who, prior to the effective date of this section, was exempt from the appropriate provisions of this section upon presentation of a statement that such immunizations would be contrary to the religious beliefs of such child or the parents or guardian of such child, as such additional immunizations are recommended, in a written declaration, in a form prescribed by the Commissioner of Public Health, for such child by a physician, a physician assistant or an advanced practice registered nurse; or (2) presents a certificate, in a form prescribed by the commissioner pursuant to section 7 of this act, from a physician, physician assistant or advanced practice registered nurse stating that in the opinion of such physician, physician assistant or advanced practice registered nurse such immunization is medically contraindicated because of the physical condition of such child; ~~or (3) presents a statement from the parents or guardian of such child that such immunization would be contrary to the religious beliefs of such child or the parents or guardian of such child, which statement shall be acknowledged, in accordance with the provisions of sections 1-32, 1-34 and 1-35, by (A) a judge of a court of record or a family support magistrate, (B) a clerk or deputy clerk of a court having a seal, (C) a town clerk, (D) a notary public, (E) a justice of the peace, (F) an attorney~~

admitted to the bar of this state, or (G) notwithstanding any provision of chapter 6, a school nurse; or (4)(3) in the case of measles, mumps or rubella, presents a certificate from a physician, physician assistant or advanced practice registered nurse or from the director of health in such child's present or previous town of residence, stating that the child has had a confirmed case of such disease; or (5)(4) in the case of hemophilus haemophilus influenzae type B has passed his such child's fifth birthday; or (6)(5) in the case of pertussis, has passed his such child's sixth birthday, shall be exempt from the appropriate provisions of this section. If the parents or guardians of any child are unable to pay for such immunizations, the expense of such immunizations shall, on the recommendations of such board of education, be paid by the town. Before being permitted to enter seventh grade, the parents or guardian of any child who is exempt on religious grounds from the immunization requirements of this section, pursuant to subdivision (3) of this subsection, shall present to such school a statement that such immunization requirements are contrary to the religious beliefs of such child or the parents or guardian of such child, which statement shall be acknowledged, in accordance with the provisions of sections 1-32, 1-34 and 1-35, by (A) a judge of a court of record or a family support magistrate, (B) a clerk or deputy clerk of a court having a seal, (C) a town clerk, (D) a notary public, (E) a justice of the peace, (F) an attorney admitted to the bar of this state, or (G) notwithstanding any provision of chapter 6, a school nurse. The statement described in subparagraph (B) of subdivision (1) of this subsection shall be acknowledged, in accordance with the provisions of sections 1-32, 1-34 and 1-35, by a judge of a court of record or a family support magistrate, a clerk or deputy clerk of a court having a seal, a town clerk, a notary public, a justice of the peace, an attorney admitted to the bar of this state, or notwithstanding any provision of chapter 6, a school nurse.

(b) The immunization requirements provided for in subsection (a) of this section shall not apply to any child who is enrolled in kindergarten through twelfth grade on or before the effective date of this section if such child presented a statement, prior to the effective date of this section, from the parents or guardian of such child that such immunization is contrary to the religious beliefs of such child or the parents or guardian of such child, and such statement was acknowledged, in accordance with the provisions of sections 1-32, 1-34 and 1-35, by (1) a judge of a court of record or a family support magistrate, (2) a clerk or deputy clerk of a court having a seal, (3) a town clerk, (4) a notary public, (5) a justice of the peace, (6) an attorney admitted to the bar of this state, or (7) notwithstanding any provision of chapter 6, a school nurse.

(c) Any child who is enrolled in a preschool program or other prekindergarten program prior to the effective date of this section who presented a statement, prior to the effective date of this section, from the parents or guardian of such child that the immunization is contrary to the religious beliefs of such child or the parents or guardian of such child, which statement was acknowledged, in accordance with the provisions of sections 1-32, 1-34 and 1-35, by (1) a judge of a court of record or a family support magistrate, (2) a clerk or deputy clerk of a court having a seal, (3) a town clerk, (4) a notary public, (5) a justice of the peace, (6) an attorney admitted to the bar of this state, or (7) notwithstanding any provision of chapter 6, a school nurse, but did not present a written declaration from a physician, a physician assistant or an advanced practice registered nurse stating that additional immunizations are in process as recommended by such physician, physician assistant or advanced practice registered nurse, rather than as recommended under guidelines and schedules specified by the Commissioner of Public Health, shall comply with the immunization requirements provided for in subparagraph (A) of subdivision (1) of subsection (a) of this section on or before September 1, 2022, or not later than fourteen days after transferring to a program operated by a public or nonpublic school under the jurisdiction of a local or regional board of education or similar body governing a nonpublic school or schools, whichever is later.

(d) If the parents or guardian of any child are unable to pay for any immunization required by subsection (a) of this section, the expense of such immunization shall, on the recommendation of such child's local or regional board of education, or similar body governing a nonpublic school or schools, be paid by the town.

(b)(e) The definitions of adequate immunization shall reflect the schedule for active immunization adopted pursuant to section 19a-7f and be established by regulation adopted in accordance with the provisions of chapter 54 by the Commissioner of Public Health, who shall also be responsible for providing procedures under which said such boards and said such similar governing bodies shall collect and report immunization data on each child to the Department of Public Health for (1) compilation and analysis by said the

department, and (2) release by the department of annual immunization rates for each public and nonpublic school in the state, provided such immunization data may not contain information that identifies a specific individual.

(c)(f) The Commissioner of Public Health may issue a temporary waiver to the schedule for active immunization for any vaccine if the National Centers for Disease Control and Prevention recognizes a nation-wide shortage of supply for such vaccine.

**Sec. 2.** Section *19a-25* of the general statutes is repealed and the following is substituted in lieu thereof (Effective from passage):

(a) All information, records of interviews, written reports, statements, notes, memoranda or other data, including personal data as defined in subdivision (9) of section 4-190, procured by: the(1) The Department of Public Health, by staff committees of facilities accredited by the Department of Public Health or the maternity mortality review committee, established pursuant to section 19a-59i, in connection with studies of morbidity and mortality conducted by the Department of Public Health, such staff committees or the maternal mortality review committee, or carried on by said department, such staff committees or the maternal mortality review committee jointly with other persons, agencies or organizations, or procured by(2) the directors of health of towns, cities or boroughs or the Department of Public Health pursuant to section 19a-215, or procured by(3) such other persons, agencies or organizations, for the purpose of reducing the morbidity or mortality from any cause or condition, shall be confidential and shall be used solely for the purposes of medical or scientific research and, for information obtained pursuant to section 19a-215, disease prevention and control by the local director of health and the Department of Public Health. Such information, records, reports, statements, notes, memoranda or other data shall not be admissible as evidence in any action of any kind in any court or before any other tribunal, board, agency or person, nor shall it be exhibited or its contents disclosed in any way, in whole or in part, by any officer or representative of the Department of Public Health or of any such facility, by any person participating in such a research project or by any other person, except as may be necessary for the purpose of furthering the research project to which it relates.

(b) Notwithstanding the provisions of chapter 55, the Department of Public Health may exchange personal data for the purpose of medical or scientific research, with any other governmental agency or private research organization; provided such state, governmental agency or private research organization shall not further disclose such personal data. The Commissioner of Public Health shall adopt regulations, in accordance with the provisions of chapter 54, consistent with the purposes of this section to establish the procedures to ensure the confidentiality of such disclosures. The furnishing of such information to the Department of Public Health or its authorized representative, or to any other agency cooperating in such a research project, shall not subject any person, hospital, sanitariumbehavioral health facility, rest home, nursing home or other person or agency furnishing such information to any action for damages or other relief because of such disclosure.This section shall not be deemed to affect disclosure

(c) The provisions of this section shall not affect: (1) Disclosure of regular hospital and medical records made in the course of the regular notation of the care and treatment of any patient, but only records or notations by suchthe staff committees described in subsection (a) of this section pursuant to their work, or (2) release by the Department of Public Health of annual immunization rates for each public and nonpublic school in the state pursuant to section 10-204a, as amended by this act.

**Sec. 3.** Section *10a-155* of the general statutes is repealed and the following is substituted in lieu thereof (Effective from passage):

(a) Each institution of higher education shall require each full-time or matriculating student born after December 31, 1956, to provide proof of adequate immunization against measles, rubella, and on and after August 1, 2010, to provide proof of adequate immunization againstmumps and varicella as recommended by the